UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYIESHA M. FUERTES

CIVIL ACTION

VERSUS

NUMBER 09-152-RET-SCR

THE CITY OF PLAQUEMINE, ET AL.

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Defendants' Motion to Compel Plaintiff's Responses to Defendants' First Set of Request for Production of Documents. Record document number 21. No opposition has been filed.

On January 4, 2010 defendants City of Plaquemine, Mayor Mark A. Gulotta, Lindon A. Rivet, Jr., Oscar S. Mellion, Ralph Stassi, Jr., Michael Rivet, Timothy Martinez, Jimmie Randle, Jr., Dorothy Sansoni, Randolph Ware, William Cooper, Guy Lobue, Jr., and Georgia Harmason propounded their First Set of Interrogatories and Request for Production on plaintiff Tyiesha Fuertes. After the 30 day deadline under Rule 33, Fed.R.Civ.P. passed without a response, counsel for the defendants sent letters to counsel for the plaintiff on February 2, 2010 and February 25, 2010 requesting the plaintiff's outstanding discovery responses. Defendants asserted that the plaintiff thereafter submitted answers to their interrogatories but did not produce any documents. Defense counsel subsequently held a discovery conference with the plaintiff's counsel on March 17, 2010 wherein the plaintiff's counsel stated

that responses to the request for production would be forthcoming. Plaintiff has not produced any responsive documents since that time.

Defendants filed this motion to obtain responses to their Request for Production of Documents.  Defendants also sought an award of costs incurred in bringing this motion.

Plaintiff's failure to produce responsive documents or object to the defendants' request for production demonstrates that under Rule 37(a), Fed.R.Civ.P., the defendants are entitled to an order compelling the plaintiff to respond to the defendants' Request for Production of Documents.  Plaintiff must produce for inspection and copying all responsive documents within 14 days.  No objections will be allowed.[1]

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other

---

[1] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990.)

circumstances make an award of expenses unjust.

Plaintiff's failure to respond to the defendants' efforts to obtain requested documents and to this motion demonstrate that the defendants are entitled to reasonable expenses under this rule.[2] Nothing was filed in the record to demonstrate the amount of attorneys' fees incurred. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the Defendants' Motion to Compel Plaintiff's Responses to Defendants' First Set of Request for Production of Documents is granted. Plaintiff shall produce for inspection and copying all documents responsive to the defendants' request for production of documents, without objections, within 14 days. Pursuant to Rule 37(a)(5)(A), the plaintiff is also ordered to pay to the defendants, within 14 days, reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, April 21, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] These same facts show that the defendants' actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.